### DUTTON & A. *v.* RICE & A.

A party who is sued by a married woman, who declares as if she were a *feme-sole*, in a case where she has no right thus to sue, may take advantage of the defect by plea in abatement, and the plaintiff must reply the facts which enable her to sue alone.

The rule of pleading, by which the burden of allegation of facts enabling a *feme-covert* to sue alone is thus cast upon her, seems, in the present condition of statutory law in this state, to be more convenient and reasonable than a rule which should impose upon the defendant, in pleading, a denial of all the possible conditions in which the suit might be maintained, notwithstanding the coverture.

To a declaration in assumpsit by a *feme-covert*, the defendants pleaded in abatement the non-joinder of the plaintiff's husband. Upon demurrer to the plea—*Held*, that the demurrer imported into the plaintiff's declaration the fact of coverture admitted thereby, and so the declaration was insufficient, inasmuch as it contained no statement of any circumstances indicating her right to sue without joining her husband in the action; but the plaintiff was permitted to withdraw her demurrer, and by replication set out such facts as might enable her to maintain the suit.

ASSUMPSIT, by Sarah E. Dutton and one Coggleshall against Rice & Peck. The declaration was special, upon a written contract with promises to the plaintiffs, and the plaintiffs were described in the writ as partners. The defendants pleaded in abatement the non-joinder of the husband of Sarah E. Dutton, and to this the plaintiffs demurred.

The questions of law were reserved.

*Wadleigh & Wallace,* for the plaintiffs.

At common law, the coverture of the plaintiff, at the time of making the contract, might be pleaded in bar or given in evidence under the general issue; but where the plaintiff married between the making of the contract and the commencement of the suit, her coverture must be pleaded in abatement. 1 Ch. Pl. 440, 477. At common law, the coverture of the plaintiff at the time of the commencement of the suit, abated the writ, because the wife could not sue upon a contract made by her while sole, without joining her husband; but in 1871, when the

pleadings show the contract declared on to have been made, and ever since, a *feme-covert* might sue upon any contract made by her before marriage, as if she were sole.  Gen. Stats., ch. 164, secs. 1 and 13.  Consequently, the statement that the plaintiff Dutton was a *feme-covert* at the time of the commencement of the suit is entirely immaterial and not traversable.  Coverture, at the time of making the contract, alone is material, and should be pleaded in bar or given in evidence under the general issue.

*A. F. Stevens*, for the defendants.

A *feme-covert* cannot in any case sue alone, unless her husband be *civiliter mortuus*, or transported for some crime.  1 Chitty's Pleading 17.  In case of non-joinder of the husband as plaintiff, when the wife sues alone, the objection must be pleaded in abatement and not in bar, though the husband might sustain a writ of error.  *Id.* 22 ; see, also, 2 Chitty's Pleading 424, note *p ;* see precedent, 2 Chitty's Pleading 415 ; also, 7 Gray 338.  Even in case of a *feme-sole* trader, according to the custom of London, the husband must be joined for conformity.  1 Chitty's Pleading 20.  The provisions of the statute, saving abatement, apply only to marriage of the female, plaintiff or defendant, pending the suit.  Gen. Stats. 424, secs. 14, 15.  A married woman has, in general, no power or capacity to contract so as to sue or be sued, either with or without her husband, on her contracts made during coverture.  *Howe* v. *Wildes*, 34 Maine 571.  A judgment recovered against a married woman alone, though founded on a contract made by her in carrying on business on her own account, and while living separate from her husband, was void before.  St. 1855, ch. 304, sec. 7 ; *Morse* v. *Toppan*, 3 Gray 411 (1855) ; see, also, 7 Gray 506.  The analogies of law, between the cases of a *feme-covert* plaintiff and a *feme-covert* defendant, are all in favor of the defendants' position in this case.  " Whenever she is sued in tort, there seems to be no doubt but that the husband should be joined."  *Whitmore* v. *Delano*, 6 N. H. 543, and cases cited ; *Jillson* v. *Wilbur*, 41 N. H. 110 ; *Little* v. *Gardner*, 5 N. H. 416 ; Comyns Digest, Baron & Feme Y.; *Mathews* v. *Fristed*, 2 E. D. Smith (N. Y.) 90 ; Story's Eq. Jur., II, sec. 1367 ; Roper on Property, II, 268; *Carleton* v. *Haywood*, 49 N. H. 314.  It is error if judgment be taken against the wife alone—*Beckley* v. *Newcomb*, 24 N. H. 359 ; *Sargeant* v. *French*, 10 N. H. 444 ; *Whitmore* v. *Delano*, 6 N. H. 543—even when founded on a contract made by her in carrying on business on her own account, and while living separate from her husband.  *Moss* v. *Toppan*, 3 Gray 411.  The marital incapacities of the wife continue the same as before the passage of our statutes, providing that she may sue or be sued in respect to such property as she holds in her own right.  " The liabilities which can be enforced against her are contracts made in regard to the property and wrongs committed with her property."  *Bailey* v. *Pearson*, 29 N. H. 77 ; *Albin* v. *Lord*, 39 N. H. 202 ; *Eaton* v. *George*, 40 N. H. 259 ; *Pike* v. *Clark*, 40 N. H. 9 ; *Ames* v. *Foster*, 42 N. H. 381.

The cases cited seem to establish three points which must exist and concur to support a suit by or against a married woman without the joinder of her husband: 1. The ownership of the property in her own right, free from the interference or control of her husband. 2. The contracts must be made, and the wrong committed, after that ownership has been acquired and while it exists, and wholly and entirely in respect to, in relation of, or in case of, a wrong · committed, *with* such property. 3. The plaintiffs' writ must allege all this in substance.

FOSTER, J. The defendants having pleaded in abatement of the plaintiffs' action the non-joinder of the husband of Mrs. Dutton, one of the plaintiffs, the plaintiffs' demur thereto,—thus admitting the · allegation of the plea that the plaintiff, Mrs. Dutton, at the time of the commencement of the suit, was a *feme-covert*.

By the provisions of the General Statutes, chapter 164, section 13, every married woman, holding property in her own right, may sue in her own name, without joining her husband, upon any contract made by her in respect to such property, and upon any contract by her made before marriage, as if she were unmarried.

But it does not appear from the pleadings, nor otherwise, that the contract upon which this suit is founded was made before marriage, nor that it was made in respect to property held by her in her own right.

The case, therefore, as disclosed by the pleadings, does not fall within the provisions of the statute referred to, nor any other statute relating to the rights of married women, and must be governed by the rules of the common law.

And the general rule of the common law is, that a *feme-covert* cannot maintain an action without joining her husband in the suit, either upon contracts made by her before or after the marriage,—the only exceptions being in the instance of a divorce *a vinculo matrimonii*, or where the husband is *civiliter mortuus*. 1 Chitty Pl. *28–*33 ; 1 Bishop on Married Women, secs. 44, 90 ; *Leslie* v. *Harlow*, 18 N. H. 520 ; *Carleton* v. *Haywood*, 49 N. H. 321 ; Broom on the Common Law 132.

The question, then, is, whether the defendants may take advantage of the non-joinder of Mr. Dutton as plaintiff, by a plea in abatement.

There are some ancient authorities to the effect that coverture of a plaintiff may be pleaded in bar, or given in evidence under the general issue ; but it will probably be found that the objection can be thus taken only when the coverture and consequent incapacity of the woman existed at the time the supposed contract was entered into,—involving thus the question not only of her capacity to sue alone upon the contract, but also of her capacity to make the contract at all. 1 Chitty Pl. *477 ; Bul. N. P. 172.

Whether the contract upon which this action is brought was made before the marriage of the female plaintiff, and so comes within the

principle of these authorities, the pleadings do not disclose; and it is not her incapacity to contract, but her incapacity to sue, without her husband, that the defendants aver.

And whether coverture at the time of the commencement of the action may be pleaded in bar or shown in evidence under the general issue or not, it does not follow that it may not be pleaded in abatement; but the authorities, from the earliest to the latest time, are clear and conclusive that it may be thus pleaded.

Thus, Baron COMYNS lays down the rule, "if a woman sues or is sued alone when she is covert, the writ shall abate." Com. Dig., Pleader 2, A 1.

And Lord KENYON, in *Milner* v. *Milnes*, 3 Term 627, declares that, in general, personal disabilities must be pleaded in abatement. He adds,—" It is laid down as a general position, in Com. Dig., that coverture in a woman, when either plaintiff or defendant, must be pleaded in abatement. And, though no authority is referred to in support of it, yet the opinion alone of so able a lawyer is of great authority." " It is true," he says, " that there is a precedent in the old entries where the coverture of the plaintiff is pleaded in bar; but that is reprobated in 2 Lutw. 1641, where it is said that all the other precedents are of pleas in abatement. My brother has also met with a case in the Year Books, 39 E. 3. 32 *b*, which shows that this matter should have been pleaded in abatement.   *   *   We are therefore of opinion, on the authority of the case in the Year Books, as well as on that of Lord Ch. B. COMYNS, and on the reason of the thing, that the coverture should have been pleaded in abatement."

I find a precedent for such a plea, and a demurrer thereto, cited in *Howard* v. *Taylor*, Lilly's Modern Entries 220, upon which the court wishing to advise, the result is not indicated.

Chitty says that when a *feme-covert* has no interest whatever in the subject-matter of the action, and consequently ought not to be made a party, and she sues either with or without her husband, the defendant will obtain a nonsuit on a plea in bar, of her coverture; " but where the *feme* was legally interested, before or during her coverture, in the subject-matter of the action, and might properly join with the husband, but sues alone, her coverture can only be pleaded in abatement, and cannot be given in evidence under the general issue, or pleaded in bar; at least, this rule obtains in actions for torts." 1 Chitty Pl. 449;— and see the precedent in 3 Chitty Pl. 899, where the plea in abatement for coverture of the plaintiff is applied, apparently without distinction, to actions of tort and contract; and I observe no such distinction in the other books or precedents, nor can I discover any reason for the distinction. See Tidd's Prac. 635; 1 Saunders on Pl. 5; Co. Lit. 132 *b*. Mr. Saunders (1 Pl. & Ev. 6) says that " wherever a *feme-covert* sues without her husband for a cause of action which would survive to her on her husband's death, her coverture may be pleaded in abatement; and it cannot otherwise be objected to."

In *Bendix* v. *Wakeman*, 12 M. & W. 97, it was held, that coverture of

the plaintiff is not a plea in bar, but in abatement, where the action is upon a deed made between the defendant and the plaintiff. And in *Morgan* v. *Painter*, 6 Term 265, where the plaintiff took husband after the suing out of the writ, and before declaration, it was held that the defendant could not give her coverture in evidence under the general issue, but must plead it in abatement if he would take advantage of it.

But, by various statutory provisions in this state, a condition of coverture is no impediment to the maintenance of suits by or against a married woman; and, since there are many cases in which a married woman may contract and sue alone, as if unmarried, a plea in abatement which alleges coverture simply, falls far short of affording any reason why the suit should abate.

At the common law, if not under our recent statutes concerning married women, the obvious and fatal objection to this plea, as being a dilatory plea, is, that it does not anticipate and exclude every supposable matter which, if alleged by the plaintiff, would defeat the plea. An established rule of pleading is, that pleas in abatement must give the plaintiff a better writ or declaration; and the meaning of this is, that, in pleading a mistake in form, in abatement of a writ or declaration, the plea must at the same time correct the mistake, so as to enable the plaintiff to avoid the same objection in framing his new writ or declaration. Stephen Pl. 431; Gould Pl., secs. 54, 55; Co. Litt. 303, *a*.

If this rule must be applied to the present plea, it would clearly be insufficient. But the plaintiffs, instead of replying, demur. The demurrer looks through the whole record, and the court must give judgment for the party who thereon appears entitled to it, and against the party whose pleading was first defective in substance. 1 Chitty Pl. 668.

Now, the fact of coverture is admitted by the demurrer, which does not allege any circumstance tending to relieve the woman of her common-law disability; and the sufficiency of the declaration is to be determined in view of the existence of the disability of coverture, the same as though it were therein alleged. Looking through the whole record, then, we find that the plaintiff's demurrer has imported into her declaration the allegation of coverture admitted by the demurrer, while it fails to suggest any circumstances which entitle her to maintain the action without joining her husband as plaintiff.

Mr. Chitty lays down the rule that, in those cases in which the wife may be joined with the husband, the declaration must distinctly disclose her interest, and show in what respect she is the meritorious cause of action; and he says there is no intendment to this effect.

Applying these rules, then, and considering the whole record, the declaration must be regarded as defective, and the demurrer must be overruled, if the doctrine still subsists in this state that a married woman must, in her declaration, set forth the grounds upon which she is entitled to sue without her husband. If, on the other hand, she may sue without setting out such grounds, ignoring altogether her marital

state and condition, the demurrer should be sustained. If the declaration would be good on demurrer to it, it must be good on demurrer to this plea.

The question, then, is presented, Upon whom rests the burden of allegation, provided any more definite allegation of the married woman's capacity to sue alone is required ?

In *Jordan* v. *Cummings*, 43 N. H. 134, it was held that a married woman, holding property in her own right under the statutes of this state, and suing with respect to such property, need not mention her husband in her declaration, or state her cause of action differently from an unmarried woman. " Upon general principles," says BELL, C. J., " the party who is sued by a married woman as a *feme-sole*, in a case where she has no such right, must take advantage of the defect,—that is, of her neglect to join her husband as plaintiff,—in the mode prescribed by law; and that we understand to be well settled. It must be done by plea in abatement"—citing, in addition to some of the authorities hereinbefore referred to, Story Pl. 84, and Gould Pl. 247. " If then," he continues, " a party is sued by a married woman, as if sole, he must plead in abatement her coverture, otherwise he will be held to have admitted her right to sue alone, and to have waived any exception on that account, and no question can be afterward made on that point." See, also, *Boynton* v. *Boynton*, 21 N. H. 246.

In *Wellcome* v. *Riley*, 52 N. H. 139, it was held that a declaration in assumpsit against a widow, which alleged the joint promise of the defendant with her husband, then alive but since deceased, was insufficient, and that the plaintiff must go further, and set forth such facts and circumstances as would show her liable, notwithstanding her coverture. This court there recognize the case of *Jordan* v. *Cummings* as establishing " the rule for a married woman who is plaintiff, that where she states no separate cause of action, the defendant may plead her coverture in abatement, and she must reply the facts which enable her to sue alone."

These cases seem to recognize the idea that it is still necessary, if the defendant, being sued by a married woman, pleads the coverture of the plaintiff, that the facts which enable her to sue alone should be alleged by the one party or the other. The plaintiff need not in the first instance set out those facts; but if she does not, and the defendant pleads the coverture in abatement, she cannot demur, but must by replication disclose the circumstances which enable her to sue alone ; that is, the burden of the allegation of capacity to sue rests upon her. See *Hier* v. *Staples*, 51 N. Y. 136.

There seem to be very good reasons for this rule. The instances in which a married woman may sue without joining her husband have become so numerous under our recent legislation, that it would be extremely onerous for the defendant, by plea in abatement, to anticipate and exclude every supposable state of facts upon which a suit could be maintained by force of the statutes. Such a plea, made " certain to a

certain intent in every particular," would require a denial, of all those capacities for the separate maintenance of suits provided in the 164th chapter of the General Statutes, not to allude to any more recent legislation. It would seem clear that very many of the various kinds of cases in which a married woman may bring suit would not be traversed by a general allegation of the defendant, that the promise declared upon was not made in respect to property held by her in her own right, nor before her marriage. If it would be necessary for a defendant to allege much more than that, if he must go into the details of every possible case in which a married woman can sue, and state all the facts showing that the case is not any one of a long list of possible cases, his burden might be much heavier than the same burden would be for her. She, knowing the peculiar ground on which she based her action, could easily allege it.

Doubtless the time is very near at hand when the distinctions between married women and unmarried women, or men, will be swept away to such an extent that, in all respects of personal rights and liabilities (except, perhaps, the right of voting and holding office, and performing military and naval service), they will be regarded as the equals of their husbands ; and, in all respects of property and its incident rights and liabilities, they will have the same unlimited power to make contracts for the acquisition of property, the same authority and capacity to maintain their rights under such contracts by legal proceedings, and the same obligation to perform such contracts, enforceable at law. Such will soon be the law, if such is not even now the fair construction of our statutes ; and when this inevitable condition of things shall be fully recognized, and the situation accepted, the right of a married woman to sue will be the general rule and not an exception ; and consequently the burden of allegation in pleading will no longer be imposed on the married woman, and the present confusion of the law, resulting from the application of old rules to new conditions of things—the application of the rules of pleading under the common law. to a common law greatly modified by statutes—will be avoided.

The general rule of the common law, according to which woman was an inferior and degraded being, and, if married, resting under all the disabilities of a slave, is not the rule in the modern jurisprudence of New Hampshire ; and the old maxim. that a married woman has no legal existence separate from the husband, to whom she sustains the relation of a slave merely, is no longer recognized as authority, nor is its memory regarded with veneration. Our legislation has exploded the theory of it ; while, in practice, the humane and intelligent movements of modern society have opened new and numerous avenues for woman's advancement, and numerous occupations heretofore deemed repugnant to her condition and sex, in which she may acquit herself with honor and dignity, as well as profit.

Still, with all these rights, privileges, and opportunities, the adoption by married women of a career, distinct and independent from that of their husbands, will probably continue for a long time to be

exceptional rather than the rule of commercial and business life; and for the present, therefore, there seems to be no occasion to depart from the rules of pleading suggested by the recent cases of *Jordan* v. *Cummings* and *Wellcome* v. *Riley*, as conveniently enough adapted to the present constitution and order of things ; especially since no hardship can be suggested in the application of them to cases like the present.

The provisions of our statute—General Statutes, chapter 207, sections 14, 15—saving actions from abatement in certain cases, apply only to the marriage of a female plaintiff or defendant pending the suit.

We are, therefore, of the opinion that the demurrer must be overruled.

The plaintiff may, if she desires, withdraw her demurrer, and, by replication, set out the facts which entitle her to sue without her husband.